COMP
**JONATHAN J. HANSEN, ESQ.**
Nevada Bar No. 7002
**HANSEN & HANSEN, LLC**
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 385-5533
jonathanh@hrnvlaw.com
Attorneys for Plaintiff

HANSEN RASMUSSEN, LLC
1835 Village Center Circle
Las Vegas, NV 89134
(702) 385-5533

**UNITED STATES DISTRICT COURT**

**STATE OF NEVADA**

| | |
|---|---|
| ELITE MOVING & STORAGE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD A. QUEZADA and GASPAR MONTANEZ, in their official capacities, and U.S. DEPARTMENT OF LABOR WAGE AND HOUR DIVISION, DOE Government employees I - X, inclusive,<br><br>Defendants. | CASE NO. : |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW, Plaintiff, ELITE MOVING & STORAGE, INC., by and through its attorney, Jonathan J. Hansen, Esq., and for its causes of action and claims for relief against the Defendants, and each of them, alleges and complains as follows:

**JURISDICTION**

1. That this Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331, as it involves a question dealing with a subpoena issued to Plaintiff by the U.S. Department of Labor pursuant to 29 U.S.C.A. § 201, or the Fair Labor Standards Act of 1938.

**VENUE**

2. That venue is proper under 28 U.S.C.A. § 1391 as Plaintiff's principle place of business is in Las Vegas, Nevada, as is the office of Defendants who issued the subpoena, and the events took place in Las Vegas, Nevada.

**GENERAL ALLEGATIONS**

3. That at all times relevant to the allegations contained herein, Plaintiff Elite Moving & Storage, Inc., was a corporation in good standing and organized pursuant to the laws of the State of Nevada.

4. That at all times relevant to the allegations contained herein, Defendant Richard Quezada was working as an agent (Assistant District Director) for the U.S. Department of Labor, and Defendant Gaspar Montanez was working as an agent (District Director) for the U.S. Department of Labor, and the U.S. Department of Labor was an administrative body established by the laws of the United States.

5. That the true names and capacities of Defendants named herein as DOE Employees I through X are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that the Defendants designated herein as DOES I through X are responsible for the events and happenings herein referred and alleged and proximately caused damages to Plaintiff as alleged herein. Plaintiff will ask leave of Court to amend the Complaint to insert the true name and capacity of DOES I through X when the same have been ascertained, and to join such Defendants in this action.

6. That Plaintiff received a letter from the U.S. Department of Labor advising that records were to be provided for inspection. Counsel for Plaintiff contacted the Department asking why the inquiry was being conducted and was told it was "confidential."

7. That Plaintiff has never been the subject of any prior wage claim or investigation by the Department and felt the inquiry was being conducted based on either a false claim by some competitor or a former disgruntled employee who had bragged he was going to get Plaintiff in trouble by reporting Plaintiff to the government.

8. That Counsel for Plaintiff discussed these issues with an employee for the Department (possibly Mr. Quezada), who advised that the Department was authorized by law to demand the records and they had to be produced regardless of any objection.

9. That Counsel for Plaintiff indicated records would be produced, but only after a valid subpoena or warrant was issued.

/ / /

10. That the Department then served a subpoena on Counsel for Plaintiff on June 5, 2015, demanding numerous records for many years without any apparent limit on the scope of the records needed for any legitimate inquiry.

11. That Plaintiff advised Defendants that the subpoena was unreasonable and Plaintiff objected and would be seeking judicial review prior to production of any records.

12. That Plaintiff now seeks judicial review and declaratory relief from the unreasonable and burdensome subpoena issued by the Defendants.

13. That Plaintiff was forced to retain the services of an attorney to prosecute this matter and is thus entitled to reasonable attorney's fees and costs pursuant to 29 USC § 1132(g).

WHEREFORE, Plaintiff, reserving the right to amend this Complaint for relief as needed, prays

1. For declaratory relief related to the unreasonable and burdensome subpoena issued by Defendants;
2. For a declaration of the proper scope for any administrative request so as to be the least burdensome on Plaintiff in relation to any legitimate inquiry;
3. For attorney's fees and costs of suit; and
4. Such other and further relief as the Court may deem just and proper.

DATED this 17th day of June, 2015.

HANSEN RASMUSSEN, L.L.C.

By: /s/ Jonathan J. Hansen
JONATHAN J. HANSEN, ESQ.
Nevada Bar #7002
1835 Village Center Circle
Las Vegas, Nevada 89134
Attorney for Plaintiff